✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__JADA RENEE GILLILAND__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:05 cr 220

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  - for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence   X  a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05 cr 220

**UNITED STATES OF AMERICA,**

Vs.                                                                                       **ADDENDUM TO**
                                                                                          **DETENTION ORDER**

**JADA RENEE GILLILAND.**

_____

**I.  FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

  **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve controlled substances. The defendant is serving a term of supervised release as a result of her conviction for conspiracy to manufacture and possess with intent to distribute methamphetamine and also conspiracy to commit an offense against the United States and making materially false statements.

**(g)(2):** The weight of the evidence against the person appears to be strong and convincing. It appears to the undersigned that there is substantial evidence that the defendant has violated the terms and conditions of supervised release in each one of the one respects as alleged in the petition.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in the Burke County community. She had employment but voluntarily left that employment. She has a long length of residence in the Burke County community. The defendant's history relating to alcohol or drug abuse shows that the defendant does have a significant problem regarding the use of controlled substances. The defendant was ordered, as a part of her supervised release, to obtain drug treatment and the defendant refused to comply with those conditions and further refused to attend the drug treatment that was to be provided to her. The defendant's criminal history relating to drug or alcohol abuse shows that the defendant was convicted of driving while impaired in May of 2003 and of conspiracy to manufacture and possess with intent to distribute methamphetamine in August of 2006.

The defendant's additional criminal history shows a conviction for driving while license revoked which occurred on August 18, 2004 and conspiracy to commit an offense against the United States or to defraud the United States, making materially false statements and converting to her own use without authority, money of the United States and aiding and abetting such conduct. Those convictions occurred on August 8, 2006.

The defendant's record concerning appearance at court appearances shows that the defendant has failed to appear at various court appearances.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a term of supervised release and it is now alleged that she has violated those terms and conditions.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant has allegedly committed various criminal offenses during her period of supervised release, including resisting and obstructing a police officer by giving a false name. The defendant has refused to comply with instructions regarding drug treatment. Those acts show that the release of the defendant would create a risk of harm or danger to any other person or the community. The undersigned further finds by a preponderance of the evidence that the release of the defendant would create a risk of flight on her part. The defendant left her job in May of 2008 and also left her place of residence and secreted herself from supervision. As a result, the undersigned finds by a preponderance of the evidence that the release of the defendant would create a risk of flight on her part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: September 25, 2008

_____
Dennis L. Howell
United States Magistrate Judge